FILED

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

2009 JUL 13 P 12: 58

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

TIFFANY WELLS, )
 )
   Plaintiff, )
 )
-VS- )
   Case No: 3:09-cv-645-J-32TEM
 )
ENHANCED RECOVERY CORPORATION, )
a corporation; and Does 1 through 10 )
inclusive )
 )
   Defendant. )

## COMPLAINT

### JURISDICTION

Jurisdiction of this court arises under 28 U.S.C. 1331 and 28 U.S.C. 1332 pursuant to 15 U.S.C. 1692k(d), and pursuant to 28 U.S.C. 1367 for pendent state law claims.

This action arises out of Defendant's violations of the Fair Debt Collection Practices Act., 15 U.S.C. 1692, et seq. ("FDCPA") and by the Rosenthal Act, California Civil Code 1788.2(c)

Plaintiff, Tiffany Wells, is a natural person residing in the State of California, County of San Diego and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3)

Defendant Enhanced Recovery Corporation, is a collection agency operating from an address of 8014 Bayberry Road, Jacksonville, Florida 55158 and is a "debt collector" as that term is defined by 15 U.S.C. 1692A(6)

On March 9, 2009 Plaintiff filed for Chapter 7 Bankruptcy Protection in the Southern District of California. The alleged debt was included in the Bankruptcy Petition under a different creditor.

On May 19, 2009 Defendant reviewed the Plaintiff's Experian Report. This reported reflected the Plaintiff's Current Bankruptcy status.

On June 16, 2009 Defendant was notified directly of the Plaintiffs Bankruptcy and that the alleged debt was included in this Petition.

In June 2009 Defendant listed this debt on Plaintiff's Credit Report in an attempt to collect a debt, knowing that this debt was (a) noncollectable, as either discharged in Bankruptcy or (b) included in Bankruptcy.

As a result of the Defendants collections activities and communications, the Plaintiff has suffered loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## COUNT I, FDCPA VIOLATIONS

The previous paragraphs are incorporated into this count as if set forth in full.

The acts and omissions of the Defendants and its representatives, employees and or agents constitute numerous and multiple violations of the FDCPA.

The acts Defendants violations are multiple, willful and intentional.

Pursuant to FDCPA Section 1692k the Plaintiff is entitled to actual damages, statutory damages, and reasonable costs and fees.

Venue is proper in this district because the acts and transactions occurred here, the Defendant resides here, and the Defendant transacts business here.

Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. 1692A(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible, as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## FACTUAL SUMMARY

Sometime prior to March 2009, upon information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and therefore a "debt" as that term is defined by 15 U.S.C. 1692A(5).

Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to the Defendant for collection from Plaintiff.

## COUNT II BANKRUPTCY CODE VIOLATIONS

The acts and omissions of the Defendants and its representatives, employees and or agents constitute numerous and multiple violations of the US Bankruptcy Code, specifically the collection of debts during Bankruptcy and after discharge.

## COUNT III

Plaintiff repeats, re alleges, and incorporates by reference all of the foregoing paragraphs.

Defendants conduct as listed above furthermore constitutes numerous violations of the Rosenthal Act.

## COUNT IV INVASION OF PRIVACY, INTRUSION INTO PRIVATE AFFAIRS

Plaintiff, repeats, re alleges, and incorporates by reference all of the foregoing paragraphs.

Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

Defendants intrusions would be highly offensive to a reasonable person, and did in fact offend the Plaintiff.

As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to the Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for the following:

(a) actual damages.
(b) Statutory damages pursuant to 15 USC 1692k and California Civil Code 1788.30(b) and 1788.30(c)
(c) costs and reasonable fees
(d) punitive damages
(e) For such other relief as the court may deem just and proper.

Date: 7-8-09

Tiffany Wells/Pro Se
4004 Aguila Street
Unit A
Carlsbad, California 92008

## DEMAND FOR JURY TRIAL

Please take note that Plaintiff demands trial by jury in this action.

Date: 7-8-09
Signature: _____